COMMONWEALTH *vs.* MARGARET M. McAVOY.

A description in a complaint of a building as the property of Nathan S. Hoard is not supported by evidence that it was hired of Nathan Hoard, and that the defendant spoke of it as belonging to Mr. Hoard.

COMPLAINT for maliciously breaking glass in a building, the property of Nathan S. Hoard.

At the trial in the superior court in Bristol, before *Vose*, J., the only evidence of the ownership of the building was the testimony of one witness, who occupied it, that she hired it " of Nathan Hoard;" and of another that the defendant, at the time of breaking the glass, said, " I will break every window in the house; I am able to pay for it, and you may tell Mr. Hoard." The defendant asked the court to instruct the jury that the government had not given sufficient proof that the building was the property of Nathan S. Hoard. But the court declined so to instruct the jury; and instructed them that if they were satisfied, beyond a reasonable doubt, that the person spoken of, and intended by the defendant at time of breaking, was Nathan Hoard, and that she referred to him as owner of the property, and were also satisfied that it was his property, and

that the defendant did the acts set forth in the complaint, they would be authorized to find a verdict of guilty. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BY THE COURT. There was a fatal variance between the name of the owner of the building as stated in the complaint and as proved at the trial. The name of Nathan Hoard is not the same as Nathan S. Hoard. *Commonwealth* v. *Hall*, 3 Pick. 262. All the evidence concerning the ownership of the property is stated in the exceptions, and it is wholly insufficient to warrant the inference by the jury that it belonged to Nathan S. Hoard as charged in the complaint.

*Exceptions sustained.*